**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DANIEL GARLINGER,** | : |
| | :    **Case No. 2:19-cv-3614** |
| **Plaintiff,** | : |
| | :    **JUDGE ALGENON L. MARBLEY** |
| **v.** | : |
| | :    **Magistrate Judge Elizabeth P. Deavers** |
| **COMMISSIONER OF** | : |
| **SOCIAL SECURITY,** | : |
| | : |
| **Defendant.** | : |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Objection (EFC No. 20) to the Magistrate Judge's December 17, 2020 Report and Recommendation (EFC No. 17), recommending that the Court **AFFIRM** the Commissioner's decision to deny Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income. Plaintiff entered a timely Objection on January 12, 2021. (ECF No. 20). Upon independent review, and for the reasons set forth below, the Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation and **AFFIRMS** the Commissioner's determination. Plaintiff's Objection is **OVERRULED.**

**II. BACKGROUND**

On May 20, 2013, Plaintiff filed his applications for disability insurance benefits and supplemental security income, alleging that he had been disabled since December 16, 2008. (EFC No. 11 at 29.). Plaintiff's applications were denied initially and upon reconsideration. (*Id*.). Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). (*Id.*). On December

1

3, 2015, ALJ William J. Mackowiak determined that Plaintiff was not disabled within the meaning of the Social Security Act. (EFC No. 11 at 26- 48.) Plaintiff unsuccessfully appealed ALJ's Mackowiak's decision to the Appeals Council. The Council affirmed the ALJ's decision as final.

Plaintiff, proceeding *pro se*, filed an action in this Court on February 22, 2017. *See Garlinger v. Comm'r*, No. 2:17-cv-156 (S.D. Ohio). Upon motion by the Commissioner, the Court remanded the case for a new hearing and a new decision. (ECF No. 11 at 3281−86.) On remand, ALJ Thomas L. Wang issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (ECF No. 11. at 3147−84.) Plaintiff, once again proceeding *pro se*, objected to this decision. (ECF No. 3.)

Over the course of these actions, the Plaintiff has submitted fifteen separate exhibits to the Administrative Record, totaling 3982 pages and covering a time span of at least ten years from roughly 2009 through 2019. (ECF No.11). This record includes approximately eleven different purported medical opinions. (*Id*).

On December 17, 2020, Magistrate Judge Elizabeth Deavers issued a Report and Recommendation. (EFC No. 17). Magistrate Deavers recommends Plaintiff's objections be overruled and the Commissioner's decision be affirmed. (*Id.*). Proceeding *pro se*, Plaintiff has objected to the recommendation. His Objection is now ripe and ready for disposition.

### III. STANDARD OF REVIEW

Upon objection to a Magistrate Judge's report and recommendation, this Court must "make a *de novo* determination of those parts . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This means that the Court must examine the relevant evidence and make its own determination as to whether the ALJ's decision "is supported by substantial evidence . . .

pursuant to the proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

The standard for substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). In determining whether the Commissioner's findings are supported by substantial evidence, this Court must consider the record as a whole. *Garner v. Heckler*, 754 F.2d 383, 388 (6th Cir. 1978). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. *Elkens v. Sec'y of Health & Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981). The Commissioner's decision is not subject to reversal if the Court would have reached a different conclusion sitting as the trier of fact. *Id.* The Commissioner's decision must stand when supported by substantial evidence. *Id*. Even when there is also substantial evidence in the record to support a different conclusion, the Commissioner's decision is not subject to reversal. *Buxton v. Halter*, *Comm'r of Soc. Sec.*, 246 F.3d 762, 772 (6th Cir. 2001). An ALJ's failure to follow the rules and regulations denotes a lack of substantial evidence. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009)); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013), *reh'g denied* (May 2, 2013).

### IV. LAW & ANALYSIS

Plaintiff objects to the Magistrate Judge's Report and Recommendation for the following reasons: (1) the ALJ's decision is inconsistent with the medical record; and (2) the ALJ erred in weighing the treating physician's testimony. This Court will also consider whether the facts in Plaintiff's Objection, which are not in the record, should be considered.

## A.  The ALJ's Consideration of the Medical Record

Plaintiff contends that the ALJ's decision is inconsistent with the medical record, but Plaintiff fails to acknowledge that the medical record itself is inconsistent. (ECF No. 20). An ALJ is not required to rule consistent to a record that is inconsistent. Instead, when inconsistencies exist, the ALJ must explain how the inconsistencies or ambiguities were considered and resolved. S.S.R. 96–8p (S.S.A.), 1996 WL 374184, at *6–7 (internal footnote omitted). Here, the ALJ did just that. ALJ Wang gave lengthy explanations detailing the inconsistencies in the medical record. Frequently, the medical record was inconsistent with Plaintiffs descriptions of pain and ability. (ECF No. 11 at 3153−60, 3163−66). ALJ Wang thoroughly discussed how he considered and resolved these inconsistencies. (*Id.*). Therefore, ALJ Wang's consideration of the medical record was proper.

## B.  Weight of the Treating Physician's Opinions

Plaintiff also contends that proper weight was not given to his treating physician's testimony. According to the "treating source rule," physicians who have a long-standing treatment relationship with an individual are better equipped to provide a complete picture of the individual's health and treatment history. 20 C.F.R. § 404.1527(d)(2). Therefore, when assessing the medical evidence in a claimant's file, the ALJ must give special attention to the findings of the claimant's treating source(s). *See Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004). Under the Sixth Circuit's test, opinions from treating physicians are entitled to controlling weight if the opinion is: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques;" and (2) "not inconsistent with the other substantial evidence in the case record." *Id.*

Whenever an ALJ decides not to assign controlling weight to a treating physician's testimony, they must "always [do so] for good reason." A "good reason" means an explanation

that is "sufficiently specific" to make it clear to the claimant how much weight the ALJ assigned the treating physician's opinion and why they determined that this was the appropriate weight to give. *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010) (internal quotation omitted).

Here, Plaintiff argues that if the treating source rule were applied properly, controlling weight would have given to his treating physician over the others in the record. (ECF No. 20). This contention, however, fails to reflect the inconsistency presented in the record between the treating physician's testimony and other substantial evidence. As the ALJ noted, there were various inconsistences and contradictions in the medical record. (ECF No. 11 at 3153−60, 3163−65). It is because of these inconsistences that the ALJ did not assign controlling weight to the Plaintiff's treating physician's testimony. In this case, the treating physician's testimony was "well-supported by medically acceptable clinical and laboratory diagnostic techniques," but it was "inconsistent with the other substantial evidence in the case record." (*See* EFC No. 11, Exs. 7−16); *Wilson*, 378 F.3d at 544. Accordingly, the testimony was not entitled to controlling weight.

The ALJ's decision to withhold controlling weight to Plaintiff's treating physician is proper because the decision was followed by "a good reason": the ALJ explained the weight he gave to the evidence and why. (ECF No. 11 at 3153−60, 3163−65). These reasons provide Plaintiff with a specific and clear statement as to how much weight was assigned to the treating physician's opinion and why this was the appropriate weight to give.

Because the record is inconsistent and the ALJ provided a good reason, the determination not to give controlling weight to Plaintiff's treating physician's testimony is proper.

### C. Evidence Not in the Administrative Record

Plaintiff's Objection introduces evidence not found in the record. First, the Objection introduces additional statements detailing the severity of his ailments and their effect on his capacity to work. (EFC No. 20). Next, the Objection introduces evidence stating that a vocational specialist ("VS") determined that he could not work. (*Id.*). The Plaintiff asks this Court to consider such evidence in his Objection. As a matter of course, this Court must limit its review to evidence in the record. *Perry v. Simplicity Eng'g, a Div. of Lukens Gen. Indus., Inc.*, 900 F.2d 963, 967 (6th Cir. 1990). This Court does, however, evaluate requests that new information be considered in additional administrative proceedings without a ruling on the merits of the case. 42 U.S.C. § 405(g). This Court will construe the new information in *pro se* Plaintiff's Objection as such a request.

Under sentence six of 42 U.S.C. § 405(g), new information can be grounds for remand for further administrative proceedings without ruling on the merits. A party seeking a sentence six remand must show: (1) the evidence is both "new" and "material"; and (2) good cause for failure to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). This is a conjunctive test, and failure to prove one element results in the failure of a sentence six remand request, unless the plaintiff can show good cause.

#### 1. New Evidence

Evidence is new if it was "not . . . available to the claimant at the time of the [hearing]." *Prater v. Comm'r of Soc. Sec.*, 235 F. Supp. 3d 876, 880 (N.D. Ohio 2017) (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 626, (1990)). In the case sub judice, the statements detailing the severity

of Plaintiff's ailments and their effect on his capacity to work do not meet this standard. (EFC No. 20). The Objection does not show this Court that the information in these statements are new because nothing in the Objection indicates the substance of these statements would not have been available to Plaintiff at the time of the hearing. Because this evidence is not new, it does not meet the standard for remand under sentence six of 42 U.S.C. § 405(g).

In addition to these statements, Plaintiff also submits that he recently completed working with the VS who determined that it was infeasible for Plaintiff to return to work. (EFC No. 20). That determination was not complete or available to Plaintiff until March 2020, well after the administrative proceeding that concluded on April 23, 2019. (*Id*.). Because this evidence was not available to Plaintiff at the time of the hearing, it meets the standard for new evidence.

### 2.  Material

Even if evidence is new, it must also be material. Evidence is material when the evidence relates to the period on or before the date of the ALJ hearing decision, and there is a reasonable chance the outcome of the case changes with the new evidence. *Sizemore v. Sec'y of Health & Human Servs*., 865 F.2d 709, 711 (6th Cir. 1988); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 149 (6th Cir. 1996). Plaintiff's VS determination does not meet the materiality standard.

As a preliminary matter, Plaintiff's Objection informs this Court that the VS's determination relates back to a period *after* the ALJ decision. Evidence relating to the period after the ALJ decision does not meet the standard for remand under sentence six of 42 U.S.C. § 405(g). Furthermore, even if the VS's determination related back to the period before the ALJ decision, the outcome of this case would not change simply because Plaintiff's VS's determination contradicts the Court's vocational expert. The Plaintiff's VS's determination does not automatically receive controlling weight. *See Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 158

(6th Cir. 2009) (finding that the ALJ is not required to "accept the [Plaintiff's VS's] opinion over that of the vocational expert.") Instead, the VS's determination would serve as another factor for the ALJ to consider. If the ALJ considered this factor it would add inconsistency to the record, but the ALJ has already considered a lengthy and inconsistent record, and another inconsistency would not lead to different conclusion. (ECF No. 11 at 3153−60, 3163−66). Accordingly, none of the additional information Plaintiff raises in the Objection is both new and material.

### 3. *Good Cause*

Plaintiff also bears the burden to provide this Court with a "good cause" justification for failing to acquire and present the evidence at the ALJ hearing. A claimant shows "good cause" by providing "a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Prater*, 235 F. Supp. 3d at 881 (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)). Here, Plaintiff fails to provide this Court with good cause for failing to present the additional evidence raised in the Objection at the ALJ hearing. Plaintiff states that the initial filing was mishandled by his counsel, but Plaintiff has had and additional opportunities to enter evidence into the record—and has done so through subsequent filings. (EFC No. 11 at 4238−412). Accordingly, Plaintiff has not met his burden of showing good cause for failing to present the additional evidence he raises in the Objection during his ALJ hearing.

### V. CONCLUSION

For the reasons stated herein, Plaintiff's objection is **OVERRULED**. The Court, therefore, **ADOPTS** the Magistrate Judge's Report and Recommendation and **AFFIRMS** the decision of the Commissioner.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 8, 2021**